PEOPLE v. HERKIMER LUMBER CO. et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

DEEDS (§ 112*)—PROPERTY CONVEYED—CONTROLLING CALLS.

A deed of land, described as being all that part of township 41 "situate, lying, and being in H. county," and mentioning the fact that 2,250 acres of such township lies in E. county, as shown by the map of K., and declaring that it is not the intention to convey any of said 2,250 acres of township 41 in E. county, and providing that it is understood and agreed that the purchase and sale is made according to the K. map, and that the rights of the parties are "to be governed and regulated by the location of the county line between H. and E. counties as located and defined on said K. map," conveys no land in E. county as shown by said map, though more of said township is in said county than estimated.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 324; Dec. Dig. § 112.*]

Appeal from Trial Term, Hamilton County.

Action by the People against the Herkimer Lumber Company and others. Judgment for defendants. The People appeal. Affirmed.

Following is the opinion of Kellogg, J., in the court below:

There was conveyed in the year 1897 to the state of New York by William Seward Webb and the Ne-ha-sa-ne Park Association a tract of land in Totten & Crossfield's purchase, described as being all that part of township 41 "situate, lying, and being in the county of Hamilton." The deed mentions the fact that 2,250 acres of such township lies in Herkimer county, as shown by a map made in 1892 by John B. Koetteritz, and declares that it is not intended to convey any of "said 2,250 acres of township 41 in Herkimer county." The deed also contains the following clause: "It being understood and agreed that the purchase and sale is made according to the said Koetteritz map, and the rights of the parties are to be governed and regulated by the location of the county line between Hamilton and Herkimer counties as located and defined upon said Koetteritz map." Notwithstanding the wholly unambiguous language so used,

the plaintiff nevertheless claims title under such deed to land shown by the Koetteritz map to be in Herkimer county.

The argument of the plaintiff is that the grantors specified a quantity of acreage conveyed and acreage reserved in township 41, which in the aggregate correctly expressed their entire holdings in such township; that on the basis of the Koetteritz county line less was conveyed and more was reserved than as specified by the deed; and therefore that the acreage should govern and the state should be pronounced the owner of all holdings of the grantors in township 41, less the reservation of 2,250 acres, whether the land was in Hamilton county or otherwise. In substantiation of this argument they call attention to the fact that the price paid for the conveyance was made upon an acreage basis in accordance with the acreage named in the deed.

I can see no force whatever in the argument. It may prove an error in computation and an overpayment. It does not in anywise prove a conveyance of land other than as described. The deed locates the land conveyed in Hamilton county. There is nothing to show that the grantors intended to sell, or the grantees intended to buy, any land in Herkimer county, or any land beyond the line of Hamilton as shown by the Koetteritz map. On the contrary, nothing could be clearer than that the parties were "to be governed and regulated by the location of the county line between Hamilton and Herkimer counties as located and defined upon said Koetteritz map."

As the defendants have not cut timber within Hamilton county, as shown by the Koetteritz map, the complaint is dismissed, with costs.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.